# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS PHILLIP VITRANO,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 16-CV-1086-JPS<br>Case No. 02-CR-199-LA-1<br><br><br><br><br>**ORDER** |

    On August 15, 2016, the petitioner, Thomas Phillip Vitrano, filed yet another motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (Docket #1). In this most recent motion, Mr. Vitrano challenges his conviction in *United States of America v. Vitrano*, Case No. 02-CR-199 (E.D. Wis. filed Aug. 30, 2002) (J. Randa), by claiming that: (1) his post-conviction counsel—who represented him in connection with a previous Section 2255 motion—was ineffective under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984)); and (2) District Judge Rudolph T. Randa erred in re-calculating in Mr. Vitrano's sentence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Docket #1 at 2-9). Mr. Vitrano's Section 2255 motion is now fully briefed and ripe for adjudication. (Docket #1, #2, #12, #16). Since filing his petition, Mr. Vitrano has additionally moved for default judgment (Docket #9) on October 24, 2016 and for an evidentiary hearing on November 10, 2016 (Docket #16). As

---

[1] Mr. Vitrano has filed multiple Section 2255 petitions in this District. *See, e.g.*, *Vitrano v. United States of America*, Case No. 15-CV-1252 (E.D. Wis. filed Oct. 19, 2015) (J. Randa); *Vitrano v. United States of America*, Case No. 15-CV-292 (E.D. Wis. filed Mar. 16, 2015) (J. Adelman); *Vitrano v. United States of America*, Case No. 08-CV-257 (E.D. Wis. filed Mar. 20, 2008) (J. Randa).

discussed in detail below, the Court will deny Mr. Vitrano's motion to vacate on its merits and will deny the remaining motions as moot.

Despite Mr. Vitrano's long and storied litigation history in this District, for the purpose of this petition, it is important to note that Mr. Vitrano has been charged—and convicted—in the context of two, separate criminal proceedings. First, in Criminal Case No. 02-CR-199, Mr. Vitrano was convicted of: (1) being a felon in possession of ammunition and a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) and possessing the same while subject to a domestic abuse injunction in violation of 18 U.S.C. § 922(g)(8). *See Vitrano*, Case No. 02-CR-199, Docket #77. Second, in Criminal Case No. 09-CR-140, Mr. Vitrano was convicted of: (1) making a false declaration to a court, 18 U.S.C. § 1623(a); (2) attempting to corruptly influence a court proceeding, 18 U.S.C. § 1512(c)(2); and (3) threatening a witness, 18 U.S.C. § 1512(b)(1).[2] *See United States of America v. Vitrano*, 09-CR-140, Docket #72 (E.D. Wis. filed Aug. 30, 2002) (J. Adelman). Though Judge Randa initially sentenced Mr. Vitrano to thirty (30) years of imprisonment for the counts of convictions in Case No. 02-CR-199, on October 28, 2015, he reduced that sentence to ten (10) years of imprisonment under the reasoning announced in *Johnson*. *See Vitrano*, Case No. 15-CV-1252, Docket #6; *see also Vitrano*, Case No. 02-CR-199, Docket #102.

Turning to Mr. Vitrano's current motion, the Court concludes that the Section 2255 petition is without merit. First, with respect to grounds one and three—Mr. Vitrano's ineffective assistance of counsel claims—"a petitioner

---

[2]The conduct underlying these charges stemmed from certain fraudulent actions that Mr. Vitrano took while litigating one of his previous Section 2255 petitions. *See United States of America v. Vitrano*, Case No. 13-2912, at *1-*2 (7th Cir. Apr. 4, 2014).

under § 2255 does not have a constitutional right to counsel." *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989); *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004) ("[D]efendants have a Sixth Amendment right to counsel on direct appeal, but not when they collaterally attack their sentences."); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."); *Walker v. United States*, 810 F.3d 568, 576 (8th Cir.), *cert. denied*, 136 S. Ct. 2042 (2016) (same). Accordingly, the Court cannot grant Mr. Vitrano relief for his post-conviction counsel's alleged ineffective assistance.

Second, with respect to Judge Randa's re-sentencing calculation, Mr. Vitrano does not present any viable theory as to how his reduced sentence in Criminal Case No. 02-CR-199 violated the "Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though his position is difficult to understand, Mr. Vitrano appears to argue that Judge Randa ought to have given him a credit—*in Criminal Case No. 09-CR-140*—based on time he "over-served" in Criminal Case No. 02-CR-199. (Docket #1, #2). However, Mr. Vitrano cites no authority that would have permitted (much less required) Judge Randa to grant such relief in a case that was presided over *by Judge Adelman*. In this sense, Mr. Vitrano's argument sounds very much like the "sentence calculation" argument that the Seventh Circuit rejected less than a year ago in separate mandamus petitions that Mr. Vitrano directed at Judge Randa and Judge Adelman. *See In re: Thomas P. Vitrano*, Case No. 15-3716 (7th Cir. Dec. 14, 2015) ("The calculation of a sentence may be challenged by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district of confinement after exhausting any administrative remedies.") (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992)); *In re: Thomas P. Vitrano*,

Case No 15-3715 (7th Cir. Dec. 14, 2015) (same). Therefore, the Court cannot conclude that Mr. Vitrano is entitled to relief under ground two of his petition.

In sum, therefore, the Court concludes that Mr. Vitrano's Section 2255 motion presents no viable basis for this Court to vacate, set aside, or correct his sentence with respect to Criminal Case No. 02-CR-199.[3] Accordingly, the Court must deny his petition for relief (Docket #1) and will likewise deny his motion for default judgment (Docket #6) and motion for an evidentiary hearing (Docket #16) as moot. Although Mr. Vitrano takes great issue with the government's late response in this case, the government has provided a sound explanation for its untimely filing, and, regardless, the filing of a late brief is insufficient justification to vacate a prison sentence.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Vitrano must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations

---

[3]Mr. Vitrano also presents a fourth "ground" for relief in petition. (Docket #1, #2). However, in that "ground," Mr. Vitrano merely argues that he satisfies the "in custody" requirement for the purpose of his Section 2255 motion. (Docket #1 at 8-9; Docket #2 at 10-11). The government concedes, for sake of argument, that Mr. Vitrano meets the "in custody" requirement for bringing a Section 2255 motion. (Docket #12 at 3 n.2). Thus, the Court will not treat this argument as a distinct ground for relief and, in accordance with the government's position, will assume Mr. Vitrano satisfies the "in custody" requirement of Section 2255.

omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is compelled to deny a certificate of appealability as to Mr. Vitrano's motion.

Finally, the Court closes with some information about the actions that Mr. Vitrano may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Mr. Vitrano's motion to vacate, modify, or correct his sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Vitrano's motion for default judgment (Docket #9) and motion for an evidentiary hearing (Docket #16) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge